# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GIOVANNI KALI VEGA,**
**# X12648,**

    **Plaintiff,**

vs.                                             Case No.  4:23cv186-MW-MAF

**J. RUNYON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, recently filed a motion to supplement and/or amend his complaint.  ECF No. 17.  The motion was denied, among other reasons, because none of the incidents Plaintiff described involved the conduct of the named Defendant - J. Runyon.  ECF No. 18.  Indeed, the events transpired at a new prison facility to which Plaintiff had been transferred.  Plaintiff has now filed a notice of change of address, ECF No. 20, confirming that transfer.

    Plaintiff has also filed a motion requesting issuance of an order for a preliminary injunction.  ECF No. 19.  Plaintiff seeks to be transferred

outside "the Florida panhandle Department of Corrections Region One in order to avoid retaliation."  *Id.* at 1.  He contends that Defendant Runyon, the Region One Gang Supervisor, has authority over prisons in Region One, but "will not be able to retaliate on the Plaintiff within . . . Regions, Two, Three of Four due to different supervisors and a more professional way of treating inmates."  *Id.* at 2.  Plaintiff says that prison officials in Region One have been known to engage in retaliatory conducts such as writing false disciplinary reports, withholding food and hygiene products, and the like.  *Id.*  He also says that Defendant Runyon "is known for engaging in excessive force on inmates" and the Department "has turned a blind eye for many years and yet continues to employ him."  *Id.*  Plaintiff argues that he "should not have to wait until actual harm is done to him on order to request this twenty-year injunction."  *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

Case No. 4:23cv186-MW-MAF

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff has not demonstrated a substantial threat of irreparable injury.  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012).  The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he

possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm"); *see also* Oscar Ins. Co. of Fla. v. Blue Cross & Blue Shield of Fla., Inc., 360 F. Supp. 3d 1278, 1287 (M.D. Fla. 2019) (finding that "Oscar has failed to demonstrate that monetary damages cannot be calculated; that is, they fail to carry their burden of demonstrating irreparable injury"); Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976).  Here, should Plaintiff suffer a false disciplinary report or have food withheld, he may seek judicial relief and be awarded monetary damages.  Indeed, Plaintiff's complaint requests monetary damages as relief should he be successful in this case.  ECF No. 1 at 8.  Thus, Plaintiff has demonstrated that he has an adequate remedy at law should he prevail.  Accordingly, Plaintiff is not facing "irreparable injury" and Plaintiff's motion should be denied.

Furthermore, the decision as to where to house a prisoner is one that is left to the discretion of prison officials.  A federal court lacks authority to micro-manage the operations of a prison or to direct prisoner transfers.  In addition, prisoners simply do not have the right to remain incarcerated within a particular geographic area.  Meachum v. Fano, 427 U.S. 215, 224,

96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976). Plaintiff cannot be provided the relief that he seeks and his motion must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 19, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 5, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv186-MW-MAF